**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

**CASE NO.: 17-CV-60439**

| | |
|---|---|
| DENISE PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EASTGROUP PROPERTIES, LP a/k/a CYPRESS CREEK BUSINESS PARK, DESTINATION HOPE, INC. d/b/a SYLVIA BRAFMAN MENTAL HEALTH CENTER, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff DENISE PAYNE (**"Plaintiff Payne"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendants EASTGROUP PROPERTIES, LP a/k/a CYPRESS CREEK BUSINESS PARK (**"Defendant Cypress Creek"**) and DESTINATION HOPE, INC. d/b/a SYLVIA BRAFMAN MENTAL HEALTH CENTER (**"Defendant Mental Health Center"**) for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

4. Plaintiff is a qualified individual under the ADA because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires her to use a wheelchair to ambulate.

6. Defendant Cypress Creek is a Foreign Limited Partnership authorized to and doing business in the State of Florida.

7. Defendant Cypress Creek is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 6555 N.W. 9th Avenue, Fort Lauderdale, Florida 33309, Folio No. 4942-09-01-0650 (the "**Subject Premises**", "**Facility**", or "**Business Park**").

8. Defendant Mental Health Center is a Florida Profit Corporation having its main place of business on Broward County, Florida.

9. Defendant Mental Health Center is the owner, lessee or operator of the medical facility Sylvia Brafman Mental Health Center located on the Subject Premises with the specific address 6555 N.W. 9th Avenue, Fort Lauderdale, FL 33309.

## GENERAL ALLEGATIONS

10. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a business park.

11. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

12. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

13. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

14. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

15. In or about 2016, Plaintiff visited the Subject Premises to conduct business and encountered architectural barriers to access the Subject Premises.

16. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, she was subjected to discrimination by Defendants on the basis of her disability due to Defendant's ADA violations.

17. Plaintiff was not able to access, among other things, the parking, entrance access and path to travel or public restrooms without encountering architectural barriers.

18. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Business Park and therefore cannot provide an exact date he will return the Subject Premises.

19. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

20. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

21. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

22. Plaintiff intends to visit the Subject Premises again, not only for visiting the medical facility, but to assure herself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

23. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because she intends on returning to the Subject Premises in the near future.

24. Defendants have discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

25. Defendants are in violation of the ADA and ADAAG and is discriminating against Plaintiff as a result of the following violations:

**DEFENDANT CYPRESS CREEK**

**Parking**

a. The Plaintiff had difficulty exiting the vehicle, as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

c. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG, whose resolution is readily achievable.

d. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the street, sidewalk, between buildings, and parking areas. These are violations of the requirements in Sections 4.3.2, 4.3.8, 4.5.2, and 4.7.1 and of the ADAAG, whose resolution is readily achievable.

e. The Plaintiff had difficulty using the ramp, as it was located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable.

**DEFENDANT MENTAL HEALTH CENTER**

**Public Restrooms**

f. The Plaintiff had difficulty opening the restroom door as it was fitted with inaccessible hardware, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

g. The Plaintiff could not use the grab bars without assistance as the toilet paper dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

h. The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not

mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

i. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

j. The Plaintiff could not use the soap dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27.3 of the ADAAG, whose resolution is readily achievable.

k. The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap bottles require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

l. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable.

26. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

27. By encountering the discriminatory conditions at the Subject Premises, and knowing that it would be a futile gesture to return to the Subject Premises unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

28. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

29. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

30. Plaintiff demands a non-jury trial on all issues to be tried herein.

**CLAIM FOR INJUNCTIVE RELIEF**
**(Against all Defendants for ADA Violations)**

31. Plaintiff re-avers and incorporates paragraphs 1–30 as if fully set forth herein.

32. This action arises pursuant to the ADA.

33. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

34. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

35. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

36. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises,

make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DENISE PAYNE respectfully requests that this Court issue a permanent injunction enjoining Defendants EASTGROUP PROPERTIES, LP a/k/a CYPRESS CREEK BUSINESS PARK and DESTINATION HOPE, INC. d/b/a SYLVIA BRAFMAN MENTAL HEALTH CENTER from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 1st day of March, 2017.

Respectfully submitted,

By: s/ Rafael Viego III
Rafael Viego III, Esq.
Florida Bar No. 60967
Mario E. Lopez, Esq.
Florida Bar No. 980691
Eric Matthew Rodriguez, Esq.
Florida Bar. No. 0123057
**FEDERAL DISABILITY ADVOCATES**
*Attorneys for Plaintiff*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539
E-mail: rviego@jltrial.com
E-mail: mlopez@jltrial.com
E-mail: erodriguez@jltrial.com
E-mail: eservice@jltrial.com

MEL/RV/lp
0012.010